PILLSBURY WINTHROP SHAW PITTMAN LLP
Matthew S. Walker (California Bar Number 101470)
12255 El Camino Real, Suite 300
San Diego, CA 92130-4088
Telephone:   858.509.4000
Facsimile:    858.509.4010

Eric Fishman (admitted *pro hac vice*)
Andrew M. Troop (admitted *pro hac vice*)
Carolina A. Fornos (admitted *pro hac vice*)
31 West 52nd Street
New York, NY 10019-6131
Telephone:   212.858.1000
Facsimile:    212.858.1500

*Attorneys for Bombardier Aerospace Corporation,
Bombardier Inc., and Learjet, Inc.*

# IN THE UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| **IN RE:**<br><br>ZETTA JET USA, INC., a California corporation,<br><br>    Debtor and Debtor in Possession. | Lead Case No.: 2:17-bk-21386-SK<br><br>Jointly administered with:<br>2:17-bk-21387-SK<br>(Zetta Jet PTE Ltd.,<br>a Singaporean corporation) |
| **IN RE:**<br><br>ZETTA JET PTE Ltd., a Singaporean corporation,<br><br>    Debtor and Debtor in Possession. | CHAPTER 7 CASES<br><br>ADV. PRO. NO. 2:19 AP 01382-SK |
| JONATHAN D. KING, solely in his capacity as Chapter 7 Trustee of Zetta Jet USA, Inc. and Zetta Jet PTE, Ltd.,<br><br>    Plaintiff,<br><br>v.<br><br>JETCRAFT CORPORATION, JETCRAFT GLOBAL, INC., JETCOAST 5000-5 LLC, ORION AIRCRAFT HOLDINGS LTD., JETCRAFT ASIA LIMITED, FK GROUP LTD, FK PARTNERS LIMITED, JAHID FAZAL-KARIM, BOMBARDIER AEROSPACE CORPORATION, BOMBARDIER, INC., and LEARJET, INC. | **BOMBARDIER AEROSPACE CORPORATION, BOMBARDIER, INC. AND LEARJET, INC.'S APPLICATION AND MOTION TO FILE UNREDACTED MOTION TO DISMISS FIRST AMENDED ADVERSARY COMPLAINT AND EXHIBITS UNDER SEAL**<br><br>Date:     TBD<br>Time:    TBD<br>Place:   Courtroom 1575<br>         255 East Temple Street<br>         Los Angeles, CA 90012<br>Judge:  Hon. Sandra R. Klein |

MOTION TO FILE UNDER SEAL MOTION TO DISMISS AND EXHIBITS

4850-0343-2954

|                          |   |
|--------------------------|---|
| Defendants.              | ) |
|                          | ) |
|                          | ) |
|                          | ) |

**TO THE HONORABLE SANDRA R. KLEIN, UNITED STATES BANKRUPTCY JUDGE, AND TO PLAINTIFF'S COUNSEL OF RECORD:**

On September 7, 2021, Bombardier Inc., Bombardier Aerospace Corporation, and Learjet Inc. (collectively, "Bombardier") filed their *Motion to Dismiss Counts 1-3, 6-7, 12-20, 25, 31-32 of First Amended Adversary Complaint*[1] (the "Motion to Dismiss").  Because portions of the Motion to Dismiss and certain of the exhibits submitted in support thereof contain materials previously designated as confidential under the Stipulated Protective Order (Dkts. 143, 145), Bombardier hereby submits this Application and Motion for Leave to File Unredacted Motion to Dismiss First Amended Adversary Complaint and Exhibits (the "Motion to Seal") and will deliver redacted and unredacted versions of the Motion to Dismiss and exhibits thereto consistent with the Stipulated Protective Order and the Court's comments at the February 17, 2021 status hearing.

This Court previously granted a motion to seal portions of the Trustee's Proposed Consolidated Amended Complaint and First Amended Adversary Complaint and Redline and exhibits thereto in this action. *See* Dkts. 253, 262.  Likewise, the Court previously granted a motion to seal portions of the Complaint filed in the related adversary proceeding styled *King v. Cavic Aviation Leasing (Ireland) 22 Co. Designated Activity Company*, Case No. 2:19-ap-01147-SK (the "Cavic Proceeding"). *See* Cavic Proceeding Dkt. 126.

Bombardier now moves pursuant to the Stipulated Protective Order, as well as LBR 5003-2 and the Court Manual § 2.8(b), in accordance with the Court's prior order in the Cavic Proceeding (Cavic Proceeding, Dkt. 88), to file the unredacted Motion to Dismiss and certain exhibits submitted therewith under seal, and that only redacted versions be filed on the public docket. Further, Bombardier respectfully requests that the Court prohibit parties who receive sealed, unredacted documents from

---

[1] Capitalized terms not defined herein have the meanings set forth in the Motion to Dismiss, filed contemporaneously herewith.

republishing those documents or the confidential data contained therein in any way. Sealing is appropriate for the reasons set forth below and in the accompanying declaration from Bill Hantzis, dated September 7, 2021 ("Hantzis Declaration").

Through this Motion to Seal, Bombardier seeks to redact confidential and commercially sensitive information contained in: (a) the Motion to Dismiss; (b) the Aircraft Purchase Agreements for Planes 12-15 between Bombardier Aerospace Corporation and Yuntian 4 Leasing Company Limited, attached to the Declaration of Eric Fishman, dated September 7, 2021 ("Fishman Decl.") as Exs. E-H (the "Plane 12-15 APAs"); and (c) the Agreements for Payment of a Commission or Fee on the Sale of an Aircraft for Planes 2-5, attached to the Fishman Decl. as Ex. M (the "Plane 2-5 Representative Agreements"). Bombardier has limited the redactions to the minimum necessary to protect information relating to pricing, payments, sales commissions, and key competitive contractual terms, that, if publicly disclosed, would give Bombardier's competitors and other industry participants an unfair competitive advantage and otherwise undermine Bombardier's commercial activities and market positions.

All of the proposed redactions fit into categories of commercially sensitive information that the Court already authorized could be redacted and sealed, including: (a) the price of aircraft; (b) payment schedules; (c) delivery schedules; (d) the process for inspection and acceptance of the aircraft; (e) the consequences of delivery delays; (f) the party that bears the risk of delays from regulatory changes; (g) what constitutes "excusable" and "non-excusable" delay; (h) interest for any late payments; (i) termination; (j) remedies, including liquidated damages, in the event of termination; (k) the right of the manufacturer to deliver, and the purchaser to accept, an aircraft with "open delivery items" ("ODIs") that must be addressed after delivery; (l) the time for addressing any such ODIs; (m) the regulatory authorities that must issue certificates of airworthiness; (n) the delivery location; (o) the entities to which a purchase and sale contract may (and may not) be assigned; (p) warranty terms and conditions; (q) aftermarket support terms and conditions; (r) training of customer's personnel; (s) completion specifications; and (t) commissions to sales representatives. *See* Dkts. 253, 262.

*First*, the limited redactions to the Motion to Dismiss pertain to confidential and commercial sensitive information that the Court has previously sealed in this action. *See* Dkts. 200, 262. As these redactions were previously authorized by this Court, the Court should again permit such information to be redacted and sealed.

*Second*, the proposed redactions to the Plane 12-15 APAs seek to protect confidential and commercially sensitive information that are substantively identical or similar to redactions the Court has already approved with respect to the APAs relating to Planes 1-5 and 8-9 which were filed as exhibits to the First Amended Complaint. *See* Dkts. 207, 262. Because the redactions to the Plane 12-15 APAs are consistent with prior redactions to the Plane 1-5 and 8-9 APAs the Court previously authorized, the Court should again permit such information to be redacted and sealed.

*Third*, the proposed redactions to the Plane 2-5 Representative Agreements concern commissions to sales representatives identical to the redactions previously authorized in connection with the filing of the First Amended Complaint and the exhibits thereto. *See* Dkts. 207, 262. The redactions are conceptually the same as the redactions this Court previously authorized, thus, the Court should again permit such information to be redacted and sealed.

**WHEREFORE**, for the reasons set forth above and in the Hantzis Declaration, Bombardier respectfully requests that the Court grant the Motion to Seal. Jetcraft does not object and the Trustee does not object to the proposed redactions or this sealing motion at this time.

Dated: September 7, 2021                PILLSBURY WINTHROP SHAW PITTMAN LLP

By:    */s/ Andrew M. Troop*
       Matthew S. Walker (CA Bar 101470)
       12255 El Camino Real, Suite 300
       San Diego, CA 92130-4088
       Telephone:    858.509.4000
       Facsimile:    858.509.4010

       Eric Fishman (admitted *pro hac vice*)
       Andrew M. Troop (admitted *pro hac vice*)
       Carolina A. Fornos (admitted *pro hac vice*)
       31 West 52nd Street
       New York, NY 10019-6131
       Telephone:    212.858.1000
       Facsimile:    212.858.1500

*Attorneys for Bombardier Aerospace Corporation, Bombardier Inc. and Learjet, Inc.*

**PROOF OF SERVICE OF DOCUMENT**
*In re: Zetta Jet USA, Inc.*, ADV. PRO. NO. 2:19 AP 01382-SK

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **501 West Broadway, Suite 1100, San Diego, California 92101.**

A true and correct copy of the foregoing document entitled (*specify*): **(1) Bombardier Aerospace Corporation, Bombardier, Inc. and Learjet, Inc.'s Application and Motion to File Unredacted Motion to Dismiss First Amended Adversary Complaint and Exhibits Under Seal; and (2) Declaration of Bill Hantzis in Support of Bombardier Aerospace Corporation, Bombardier, Inc. and Learjet, Inc.'s Application and Motion to File Unredacted Motion to Dismiss First Amended Adversary Complaint and Exhibits Under Seal** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On September 7, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

   Kristina S Azlin    kristina.azlin@hklaw.com, ericka.mendez@hklaw.com
   Brian K Condon    Brian.Condon@arnoldporter.com
   Aaron S Craig    acraig@kslaw.com, mtunson@kslaw.com;eripley@kslaw.com;mciatti@kslaw.com
   John K Lyons    john.lyons@us.dlapiper.com, john-lyons-7790@ecf.pacerpro.com
   Andrew Troop    andrew.troop@pillsburylaw.com
   United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
   Matthew S Walker    matthew.walker@pillsburylaw.com, renee.evans@pillsburylaw.com, docket@pillsburylaw.com

   ☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) September 7, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

   ☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) September 7, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

   ☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 7, 2021 | Renee Evans | /s/ Renee Evans |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**
4833-3299-8071.v1